1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHANTHAVONG VANG,

11              Plaintiff,              Case No. 2:12-cv-0503 GEB DAD PS

12        vs.

13   ERIC G. FERNANDEZ, et al.,          ORDER

14              Defendants.

15   _____/

16        Plaintiff, proceeding pro se, commenced this action on February 27, 2012, by

17   paying the required filing fee and filing a complaint.  (Doc. No. 1.)  The matter has been referred

18   to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

19        On May 23, 2012, defendants noticed for hearing before the undersigned a motion

20   to dismiss plaintiff's complaint without leave to amend.  (Doc. No. 9.)  Despite being served

21   with notice of the motion, plaintiff did not file timely opposition.  (Doc. No. 9-1.)  On July 30,

22   2012, the undersigned issued a minute order, which was served on plaintiff, continuing the

23   hearing of defendants' motion.

24        On August 24, 2012, defendants' unopposed motion to dismiss was heard before

25   the undersigned pursuant to defendants' Notice of Motion filed May 23, 2012.  (Doc. No. 9.)

26   Despite having had ample time to so, plaintiff did not file written opposition or a statement of

1

non-opposition to the motion to dismiss and did not appear at the hearing of the motion.

Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written opposition that was timely filed, in the discretion of the court, or may result in the imposition of sanctions. Local Rule 230(i). Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has failed to comply with Local Rule 230. In light of plaintiff's pro se status and in the interests of justice, the court will provide plaintiff with an opportunity to show good cause for his conduct along with a final opportunity to respond to defendants' pending motion.

IT IS HEREBY ORDERED that:

1. Plaintiff shall show good cause in writing, no later than September 21, 2012, for failing to respond to defendants' motion and shall show why sanctions should not be imposed on him for failing to file timely opposition or non-opposition to the pending motion to dismiss and for failing to appear at the properly noticed hearing of that motion;

2. Any response to this order must be filed with the court and served on defendants' attorney of record; the response must be accompanied by opposition or a statement

1  of non-opposition to defendants' motion to dismiss; if plaintiff files opposition to the motion, he

2  must address all arguments presented in the motion;

3      3.  If plaintiff files opposition to defendants' motion on or before September 21,

4  2012, defendants' reply, if any, shall be filed and served no later than September 28, 2012; and

5      4.  Plaintiff is cautioned that failure to file and serve a written response to this

6  order, along with opposition or a statement of non-opposition to defendants' motion, will be

7  deemed a statement of non-opposition to the granting of defendants' motion to dismiss this

8  action without leave to amend and will also constitute grounds for imposing appropriate

9  sanctions, specifically the dismissal of this action with prejudice for failure to comply with court

10 orders and applicable rules and for lack of prosecution.  See Fed. R. Civ. P. 41(b).

11 DATED: August 24, 2012.

12

13

14                              DALE A. DROZD
                               UNITED STATES MAGISTRATE JUDGE
15 DAD:6
   Ddad1\orders.pro se\vang0503.osc
16

17

18

19

20

21

22

23

24

25

26