IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANTHAVONG VANG,

    Plaintiff,                     Case No. 2:12-cv-0503 GEB DAD PS

    vs.

ERIC G. FERNANDEZ, et al.,        FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        Pursuant to the court's order to show cause filed on August 27, 2012 (Doc. No. 14), plaintiff was required to show cause in writing no later than September 21, 2012, as to why this case should not be dismissed for lack of prosecution. Plaintiff was cautioned that failure to file the required written response would result in a recommendations that this case be dismissed. Nonetheless, plaintiff has not responded to the court's order to show cause in any way.

PROCEDURAL HISTORY

        Plaintiff, proceeding pro se, commenced this action on February 27, 2012, by filing a complaint and paying the required filing fee. (Doc. No. 1.) The Clerk issued a summons as to five defendants and the case was referred to the undersigned pursuant to Local Rule 302(c)(21).

/////

On May 23, 2012, defendants Eric Fernandez, Sean Bedrosian, TFLG, a Law Corporation and Aurora Loan Services, LLC, noticed a motion to dismiss for hearing before the undersigned on August 10, 2012. (Doc. No. 9.) Defendants served plaintiff with notice of the motion. (Doc. No. 9-1.) On July 30, 2012, the court issued an order continuing the hearing of defendants' motion to August 24, 2012, due to the court's unavailability. (Doc. No. 11.) Plaintiff was served with a copy of that order.

On August 24, 2012, defendants' unopposed motion to dismiss was heard before the undersigned pursuant to defendants' Notice of Motion filed May 23, 2012. (Doc. No. 13.) Despite having had ample time to do so, plaintiff did not file written opposition or a statement of non-opposition to the motion to dismiss and did not appear at the hearing of the motion.

On August 27, 2012, the undersigned issued an Order to Show Cause, ordering plaintiff to show cause in writing no later than September 21, 2012, as to why sanctions should not be imposed on him for failing to file timely opposition or non-opposition to the pending motion to dismiss and for failing to appear at the properly noticed hearing of that motion. (Doc. No. 14. at 3.) Plaintiff was cautioned that failure to file and serve a written response to that order, along with opposition or a statement of non-opposition to defendants' motion, would be deemed a statement of non-opposition to the granting of defendants' motion to dismiss this action without leave to amend and would also constitute grounds for imposing appropriate sanctions, specifically the dismissal of this action with prejudice for failure to comply with court orders and applicable rules and for lack of prosecution. (Doc. No. 14 at 3.) The time for plaintiff to respond has expired and plaintiff has not responded to the court's order in any way.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v.

City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Under the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."  Local Rule 230(c).  "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  Id.  Failure to appear at the hearing of a properly noticed motion may, in the discretion of the court, be deemed withdrawal of any written opposition that was timely filed, or may result in sanctions.  Local Rule 230(i).

Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, plaintiff has failed to file a timely response to defendants' motion to dismiss and failed to appear at the hearing of the properly noticed motion, in violation of multiple provisions of Local Rule 230.  The court issued an order to show cause that provided plaintiff with yet another opportunity to file opposition or a statement of non-opposition to defendants' motion, but plaintiff failed to respond in any way.  The order to show cause warned plaintiff that failure to file a written response to the order to show cause together with opposition or a statement of non-opposition to the motion would be deemed a statement of non-opposition to the

granting of the motion.  In light of that warning, plaintiff's failure to respond should be deemed a statement of non-opposition to the granting of the motion to dismiss filed by defendants and their motion should be granted.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile, and the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility as to any defendant.  The undersigned will therefore recommend that this action be dismissed with prejudice as to all defendants due to plaintiffs' failure to prosecute as well as his failure to comply with the court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendants' May 22, 2012 motion to dismiss (Doc. No. 5) be deemed unopposed and, so deemed, be granted;

2.  Plaintiff's claims against all defendants be dismissed with prejudice due to lack of prosecution, as evidenced by plaintiff's failure to file opposition or a statement of non-opposition to the motion to dismiss filed on behalf of defendants, failure to appear at the hearing of the motion to dismiss, and failure to prosecute the action in any manner since February 27, 2012; and

3.  This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed within seven (7) days after service of the objections.  The parties are advised that

failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 27, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\vang0503.dlop.f&rs